1    **WO**                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Ramon Parra,                          )    No. CV 07-2450-PHX-SMM (DKD)
                                           )
10           Plaintiff,                    )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Joseph M. Arpaio,                     )
                                           )
13           Defendant.                    )
                                           )
14   _____  )

15           Plaintiff Ramon Parra, who is confined in the Durango Jail in Phoenix, Arizona, has

16   filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to

17   Proceed *In Forma Pauperis*.[1]  (Doc.# 1.)[2]  The Court will order Defendant Arpaio to answer

18   Counts I (in part) and II (in part) and will dismiss the remaining claim or portions of claims.

19   **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

20           Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

21   § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

22   The Court will not assess an initial partial filing fee.  The fee will be collected monthly in

23   payments of 20% of the previous month's income each time the amount in the account

24   _____

25           [1]  Many inmates apparently believe that they will receive an immediate payout from
     a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz. filed Jan. 10,
26   1995).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary
     damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may
27   result in an award of damages.

28           [2]  "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff alleges three counts in his Complaint regarding his conditions of confinement and threats to his safety at Maricopa County Jails. Plaintiff sues only Maricopa County Sheriff Joseph M. Arpaio. Plaintiff seeks compensatory damages.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'" Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Counts I (in part) and II (in part)

In Counts I and II, Plaintiff alleges that his safety is threatened by the conditions of confinement at Durango Jail. (Doc.# 1.) A pretrial detainee's claim for unconstitutional

conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. A plaintiff must also allege facts supporting that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement means that plaintiff must have an actual or threatened injury traceable to the defendant and likely to be redressed by a favorable judicial decision).

In Count I, Plaintiff alleges that more than 2,000 inmates are held at Durango Jail, which is intended to hold only 872 inmates. He alleges that the overcrowding results in inmates sleeping on floors and that the overcrowding poses a threat to his safety in the event of a fire or an emergency requiring evacuation. He also alleges that his health has been adversely affected and that he has had flu three times while held at the jail. He asserts that Sheriff Arpaio is aware of the overcrowding, but fails to act to alleviate the threats posed by

1  overcrowding in the event of an emergency.  He further alleges that Arpaio fails to comply

2  with state and federal guidelines.

3        In Count II, Plaintiff alleges that Arpaio has failed to provide adequate protection

4  from potential fire threats.  He alleges that there are no fire extinguishers, smoke detectors

5  are inoperable, and evacuation routes in the event of an emergency are not labeled and no

6  evacuation drills are held.  He also alleges that Arpaio fails to maintain facilities by having

7  monthly inspections conducted by the Department of Health Services, Bureau of

8  Environmental Health.

9        Count I will be dismissed to the extent that Plaintiff alleges that Arpaio fails to comply

10  with unidentified federal and state guidelines and Count II will be dismissed to the extent that

11  Plaintiff alleges that Arpaio fails to have monthly health inspections conducted.  Even if

12  proven, Arpaio's alleged failure to comply with unidentified guidelines or to have monthly

13  health inspections conducted does not rise to the level of a constitutional violation.

14        **B.     Count III**

15        In Count III, Plaintiff alleges that Arpaio fails to properly screen pretrial detainees

16  with mental illness for assignment to segregation units.  He alleges that mentally ill inmates

17  are housed in general population, without being provided necessary psychiatric medications,

18  posing a risk of bodily harm to Plaintiff because they could "snap."

19        Jail officials are required to take reasonable measures to guarantee the safety of

20  inmates and officials have a duty to protect prisoners from violence at the hands of other

21  prisoners. Farmer, 511 U.S. at 832-33 (convicted prisoners); Frost, 152 F.3d at 1128 (pretrial

22  detainees).  To establish a violation, an inmate must allege facts supporting that he was

23  incarcerated under conditions posing a substantial risk of harm and that prison officials were

24  "deliberately indifferent" to the inmate's safety.  Farmer, 511 U.S. at 834; Frost, 152 F.3d

25  at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).

26  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that

27  a defendant official knew of an excessive risk to inmate safety, but disregarded the risk.

28  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from

1   which the inference could be drawn that a substantial risk of serious harm exist[ed], and he

2   must also [have] draw[n] the inference." <u>Farmer</u>, 511 U.S. at 837; <u>Frost</u>, 152 F.3d at 1128;

3   <u>Redman</u>, 942 F.2d at 1442.

4        Plaintiff makes conclusory allegations that his safety is threatened because of the

5   denial of medical, dental, and psychiatric care to other inmates and by housing mentally ill

6   inmates in general population without medication.  (Doc.# 1 at 5.)  He fails to allege facts to

7   support how, when and by whom Plaintiff's safety has been threatened.  He also fails to set

8   forth facts to support that Defendant, or any officer, knew or should have known of such

9   facts but acted with deliberate indifference to potential threats to Plaintiff's safety.  Further,

10  any potential threat posed by inadequate screening or a failure to adequately medicate is

11  wholly speculative.  That is, Plaintiff fails to set forth an injury resulting from the allegedly

12  inadequate screening or treatment of mentally ill inmates.  For these reasons, this count fails

13  to state a claim.

14  **V.    Claims for Which an Answer Will be Required**

15       Plaintiff alleges that his safety is endangered by overcrowding and the failure to have

16  operable smoke alarms and similar safety equipment in the event of fire or other emergency

17  requiring evacuation.  He further alleges that Arpaio is aware of the overcrowding and the

18  risks in the event of fire or other emergency.  The Court will require a response to Plaintiff's

19  allegations concerning overcrowding in Counts I and II.

20  **VI.   Warnings**

21       **A.    Release**

22       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

23  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

24  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

25  in dismissal of this action.

26       **B.    Address Changes**

27       Plaintiff must file and serve a notice of a change of address in accordance with Rule

28  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

1  relief with a notice of change of address.  Failure to comply may result in dismissal of this
2  action.

3      **C.    Copies**

4          Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
5  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate
6  stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
7  an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
8  may result in the filing being stricken without further notice to Plaintiff.

9      **D.    Possible Dismissal**

10          If Plaintiff fails to timely comply with every provision of this Order, including these
11  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
12  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
13  comply with any order of the Court).

14  **IT IS ORDERED:**

15          (1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
16  is **granted**.

17          (2)    As required by the accompanying Order to the appropriate government agency,
18  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

19          (3)    Counts I (in part), II (in part), and III are **dismissed** without prejudice.

20          (4)    Defendant Arpaio must answer Counts I (in part) and II (in part).

21          (5)    The Clerk of Court must send Plaintiff a service packet including the
22  Complaint, this Order, and both summons and request for waiver forms for Defendant
23  Arpaio.  (Doc.# 1.)

24          (6)    Plaintiff must complete and return the service packet to the Clerk of Court
25  within 20 days of the date of filing of this Order.  The United States Marshal will not provide
26  service of process if Plaintiff fails to comply with this Order.

27          (7)    If Plaintiff does not either obtain a waiver of service of the summons or
28  complete service of the Summons and Complaint on a Defendant within 120 days of the

1  filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

2  action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

3  16.2(b)(2)(B)(i).

4        (8)     The United States Marshal must retain the Summons, a copy of the Complaint,

5  and a copy of this Order for future use.

6        (9)     The United States Marshal must notify Defendants of the commencement of

7  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

8  Rules of Civil Procedure.  The notice to the Defendant must include a copy of this Order.

9  The Marshal must immediately file requests for waivers that were returned as undeliverable

10 and waivers of service of the summons.  If a waiver of service of summons is not returned

11 by a Defendant within 30 days from the date the request for waiver was sent by the Marshal,

12 the Marshal must:

13        (a)  personally serve copies of the Summons, Complaint, and this Order upon

14        Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

15        (b)  within 10 days after personal service is effected, file the return of service

16        for Defendant, along with evidence of the attempt to secure a waiver of service of the

17        summons and of the costs subsequently incurred in effecting service upon Defendant.

18        The costs of service must be enumerated on the return of service form (USM-285) and

19        must include the costs incurred by the Marshal for photocopying additional copies of

20        the Summons, Complaint, or this Order and for preparing new process receipt and

21        return forms (USM-285), if required.  Costs of service will be taxed against the

22        personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

23        Procedure, unless otherwise ordered by the Court.

24        (10)    **A Defendant who agrees to waive service of the Summons and Complaint**

25 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

26        (11)    Defendant must answer the Complaint or otherwise respond by appropriate

27 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

28 Rules of Civil Procedure.

TERMPSREF

1    (12)    Any answer or response must state the specific Defendant by name on whose

2 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

3 does not identify the specific Defendant by name on whose behalf it is filed.

4    (13)    This matter is referred to **Magistrate Judge David K. Duncan** pursuant to

5 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

6    (14)    The Clerk of the Court shall send a copy of this Order to **Magistrate Judge**

7 **David K. Duncan**.

8    DATED this 5th day of February, 2008.

9

10

11    Stephen M. McNamee
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28