1  **WO**                                                                    JDN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ramon Parra, | No. CV 07-2450-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Ramon Parra brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #1). Defendant moved to dismiss for failure to exhaust administrative remedies (Doc. #6). Plaintiff failed to respond.

The Court will grant Defendant's motion.

**I.    Background**

Plaintiff's claims arose during his confinement at the Durango Jail in Phoenix, Arizona (Doc. #1 at 1). In Count I, he alleged that the jail was severely overcrowded (id. at 4). In Count II, he alleged that his safety was endangered by the lack of operable smoke alarms and other safety equipment at the jail (id. at 5).[1] Plaintiff claimed that Defendant was

---

[1] Although Plaintiff stated that the federal civil right violated in Count II included "sanitation, safety, hygiene, toilet facilities[,]" his supporting facts go only to a threat to safety claim related to the lack of smoke alarms and other fire safety equipment (Doc. #1 at 5).

aware of the overcrowding and the risks in the event of a fire or other emergency but failed to alleviate any of the threats posed by these risks (id. at 4-5).[2]

The Court ordered an answer to the Complaint, and Defendant filed a Motion to Dismiss (Doc. ##3, 6).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #6). In support, Defendant submitted the declaration of Susan Fisher, a sergeant assigned to the Inmate Hearing Unit (id., Ex. 1, Fisher Decl. ¶ 1). Fisher attested that upon arrival at their assigned housing unit, inmates are given orientation and a copy of the Rules and Regulations for Inmates, which outlines the grievance procedures at the jail (id. ¶¶ 3-4). She further attested that inmates may grieve any issue, and detention officers pass out grievance forms as part of their daily duties (id. ¶ 5). Fisher stated that, according to the sheriff's office grievance records, Plaintiff did not file any grievances during his confinement at the jail (id. ¶ 8, 10). In addition to the declaration, Defendant submitted a copy of the Inmate Grievance Procedure, Policy DJ-3 (id., Attach. A), and excerpts from the Rules and Regulations for Inmates (id., Attach. B).

The Court informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #7). Plaintiff did not respond to the Motion to Dismiss. The time for filing a response has expired, and the motion is ready for ruling.

**II.     Failure to Respond**

Local Rule of Civil Procedure 7.2(I) provides that if a party files a motion to dismiss, and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting

---

[2]Upon screening, the Court dismissed those allegations in Counts I and II claiming that Defendant failed to comply with federal and state guidelines and that he failed to conduct monthly health inspections (Doc. #3 at 4). Count III, which alleged that Defendant failed to properly screen pretrial detainees with mental illness, was dismissed for failure to state a claim (id. at 4-5).

1 of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendant filed the Motion to Dismiss, the Court informed Plaintiff of his obligation to respond to the motion, and that the failure to respond may be treated as "a consent to the granting of that Motion" (Doc. #7 at 2). Despite these warnings, Plaintiff failed to respond to Defendant's motion. Plaintiff's failure to respond to the motion may be construed as a consent to the granting of it. However, the merits of Defendant's motion will be addressed.

**III.  Legal Standard on Motion to Dismiss**

A prisoner must exhaust "available" administrative remedies before bringing an action in federal court. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**IV.  Analysis**

Defendant submits evidence that a grievance system was available at the jail for Plaintiff's claim (Doc. #6, Ex. 1, Fisher Decl. ¶ 2, 4-5). And Defendant proffers evidence

1 that Plaintiff did not submit any grievances while housed at the jail (id. ¶¶ 8, 10).

2 In his Complaint, Plaintiff indicates that a grievance system was available at the jail but he did not file any grievances on his claim in Count I (Doc. #1 at 3). He states that grieving the overcrowding issue is "beyond comprehension" because this has been an ongoing incident at the jail for years (id.). A concession to nonexhaustion supports dismissal, unless there is an applicable exception. Wyatt, 315 F.3d at 1120. But the courts will not read futility into the PLRA's exhaustion requirement. Booth, 532 U.S. at 741 n. 6. Therefore, Plaintiff's explanation for failing to grieve Count I does not excuse his failure to exhaust.

With respect to Count II, Plaintiff indicates in his Complaint that he submitted a grievance on his claim and appealed it to the highest level (Doc. #1 at 4). Yet Defendant submits evidence that Plaintiff did not submit any grievances while housed at the jail (Doc. #6, Ex. 1, Fisher Decl. ¶¶ 8,10). Plaintiff was informed that if Defendant's motion included admissible evidence to support his claim of nonexhaustion, Plaintiff's action would be dismissed unless Plaintiff submitted evidence—such as copies of grievances or sworn declarations—to rebut Defendant's claim (See Doc. #7 at 1-2). In failing to respond to the motion, Plaintiff presents nothing to refute Defendant's evidence demonstrating that there is no record of any grievances filed by Plaintiff.

Based on the record before the Court, Plaintiff failed to exhaust his available administrative remedies for the claims in Counts I and II. Defendant's motion will therefore be granted.

**V.     Defendant's Notice and Motion for Summary Disposition**

Defendant filed a Notice to the Court advising that Plaintiff failed to comply with the Court's Order directing a response to the Motion to Dismiss (Doc. #8). Within this Notice, Defendant moved for summary disposition of the Motion on the grounds that Plaintiff failed to either file a response or submit a Notice of Change of Address upon his transfer to the Arizona Department of Corrections (id. at 2). As set forth above, failure to respond to a motion *may* be deemed a consent to the granting of a motion; it does not require that the motion be granted. Here, the Court addressed the merits of Defendant's motion and

determined that dismissal was appropriate. Consequently, Defendant's request for summary disposition will be denied as moot.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. #6) is **granted**. Plaintiff's action is dismissed without prejudice for failure to exhaust.

(2) Defendant's Motion for Summary Disposition (within Doc. #8) is **denied** as moot.

(3) The Clerk of Court must enter judgment of dismissal accordingly.

DATED this 11th day of September, 2008.

Stephen M. McNamee
United States District Judge